**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **THE TRAVELERS INDEMNITY COMPANY,** | § § § | |
| **PLAINTIFF,** | § § § | |
| **V.** | § § § | **CIVIL ACTION** |
| **COVENTRY HEALTH CARE WORKERS' COMPENSATION, INC.,** | § § § § | **NO. 1:18-CV-00376-MLB** |
| **DEFENDANT.** | § § § § | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, Defendant Coventry Health Care Workers Compensation, Inc. ("Coventry") submits this memorandum of law in support of its Motion to Dismiss the Complaint filed by Plaintiff The Travelers Indemnity Company ("Travelers").

## I.    INTRODUCTION

Travelers asserts claims against Coventry for breach of contract and indemnification arising out of the parties' Managed Care Services Agreement relating to alleged conduct by Coventry that resulted in "the underpayment

lawsuit" filed against Travelers and others on April 5, 2011. The Complaint states that the underpayment lawsuit was brought by seven hospitals that alleged certain bills for high cost drugs and surgical implants were reimbursed by Travelers at incorrect rates.

While Coventry was not a party to the underpayment lawsuit, Travelers complains that the incorrect rates were allegedly a result, at least in part, of Coventry's actions. All of the alleged actions or "breaches" by Coventry "which lead to the dispute giving rise to the underpayment lawsuit" (as alleged by Travelers in the Complaint) must have occurred prior to April 5, 2011—the date the underpayment lawsuit was filed. Travelers did not file this suit against Coventry until January 25, 2018, which is almost seven years after the underpayment lawsuit was filed.

The parties' agreement provides that Connecticut law controls and pursuant to Connecticut General Statutes § 52-576(a) a breach of contract claim must be brought within six years of the alleged breach. Coventry's purported "breaches" that allegedly gave rise to the underpayment lawsuit must have occurred more than six years ago and, therefore, Travelers' breach of contract claim is time-barred.

Additionally, with respect to Travelers' claim for indemnification, the Complaint does not allege any liability to a third-party from which an indemnity claim would arise. Instead, Travelers seeks damages for its own losses arising out of Coventry's allegedly negligent actions, which is properly characterized as a breach of contract claim and also time-barred under Connecticut law. As such, Travelers fails to state a claim for relief and the entire Complaint should be dismissed under Rule 12(b)(6).

## II.   ARGUMENT AND AUTHORITIES

### A.   A Complaint That Fails To State A Claim For Relief Based On The Well-Pleaded Allegations And Documents Referenced Therein Must Be Dismissed

Upon a motion to dismiss based on the pleadings under Rule 12(b)(6), a court accepts as true the plaintiff's "well-pleaded" allegations and tests the sufficiency of the plaintiff's claims for relief. *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 929 (11th Cir. 2017) ("we accept the well-pleaded allegations in the complaint as true"); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (recognizing that a court evaluates the sufficiency of the complaint in light of *Twombly's*[1] construction of Rule 8).

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007).

A defendant is entitled to dismissal when the plaintiff's complaint shows that the plaintiff cannot prove any set of facts that would entitle him or her to relief consistent with the well-pleaded allegations. *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 841 (11th Cir. 2013) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). While courts generally must limit their inquiry to the plaintiff's well-pleaded allegations, documents referenced in a complaint should be considered as part of the complaint for purposes of deciding a motion to dismiss. Under Eleventh Circuit authority, courts consider documents attached to a defendant's motion to dismiss if those documents are referenced in the complaint. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (recognizing a court may consider documents beyond the complaint where a plaintiff refers to a document in the complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss).[2]

---

[2] *See also Clark v. Bibb Cnty. Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) ("A court evaluating a motion to dismiss for failure to state a claim upon which relief can be granted must focus its analysis on the face of the

In this case, the Complaint repeatedly references the "Managed Care Service Agreement" or the "MCSA" between Coventry[3] and The Travelers Indemnity Company.[4] Coventry therefore attaches for the Court's consideration relevant portions of the agreement upon which Travelers sues.[5] Taking into consideration the well-pleaded allegations in the Complaint and the agreement referenced therein, all of the claims asserted by Travelers fail as a matter of law.

**B.     Travelers' Breach Of Contract Claim Is Barred By The Six-Year Limitations Period Under Connecticut General Statutes § 52-576(a)**

The agreement between Travelers and Coventry contains a governing law provision that provides the agreement "will be governed by and construed in accordance with the laws of the State of Connecticut."[6] The limitations period in

---

complaint, but it may also consider any attachments to the complaint, matters of public record, orders, and items appearing in the record.").

[3] Plaintiff alleges "Coventry is a successor in interest to First Health Group Corp. (f/k/a HCCC)." *See* Compl. (Dkt. 1) at p. 6, ¶ 24.

[4] Compl. (Dkt. 1) at pp. 3-7, ¶¶ 10-28; p. 8, ¶ 32; pp. 9-10, ¶¶ 37-42; p.11, ¶ 45; p. 12, ¶¶ 50 & 52.

[5] Ex. 1 (Affidavit of Jessica Williams) and Ex.1-A (Managed Care Services Agreement) to Ms. Williams' Affidavit, attached hereto. Certain portions of the agreement have not been included and/or have been redacted to protect the confidential and proprietary information contained within the agreement.

[6] Managed Care Services Agreement at p. 15, § 13.9, Ex.1-A to Affidavit of Ms. Williams.

Connecticut for breach of contract is six years. *See* CONN. GEN. STAT. ANN. § 52-576(a) ("[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."). The Supreme Court of Connecticut has stated that "[i]n an action for breach of contract . . . the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted." *Tolbert v. Conn. Gen. Life Ins. Co.*, 778 A.2d 1 (Conn. 2001) (citing *Beckenstein v. Potter & Carrier, Inc.*, 464 A.2d 18 (Conn. 1983)).

Travelers' breach of contract claim relates to alleged conduct by Coventry that resulted in the underpayment lawsuit filed against Travelers on April 5, 2011.[7] The Complaint alleges that the underpayment lawsuit concerned certain bills for high cost drugs and surgical implants reimbursed by Travelers at incorrect rates,[8] and the "incorrect prices [or rates] were a result, at least in part, of Coventry entering into conflicting contracts with the subject hospitals and other entities."[9] The Complaint further alleges that "the underpaid bills were repriced incorrectly by Coventry during the term of the [Managed Care Service

---

[7] Compl. (Dkt. 1) at p. 7, ¶ 29.

[8] *Id.* at pp. 7-8, ¶¶ 29-32.

[9] *Id.* at p. 8, ¶ 31.

Agreement] and [Statement of Understanding], despite notice to Coventry of the fact that the amounts were lower than required."[10]

Based on these allegations, all of the alleged "breaches" of the agreement necessarily occurred prior to *April 5, 2011*—the date the underpayment lawsuit was filed. Travelers filed this lawsuit on *January 25, 2018*, which is well over six years from any alleged breaches of the agreement. Plaintiff's breach of contract claim is therefore time-barred under Connecticut General Statutes § 52-576(a) and must be dismissed. *Delaine v. Rosco Mfg. Co.*, No. 3:10-CV-49, 2010 WL 4639257, at \*2 (M.D. Ga. Nov. 5, 2010) (recognizing that a court may dismiss a complaint on a dispositive issue of law regardless of the facts and, therefore, when "it is apparent from the face of the complaint that the claim is time-barred, Rule 12(b)(6) dismissal is appropriate") (citation omitted).[11]

---

[10] *Id.* at p. 8, ¶ 32. Plaintiff alleges that "[t]he [Statement of Understanding] did not materially affect the obligations of the parties and did not alter Coventry's indemnification obligations." *Id.* at p. 6, ¶ 25. Therefore, for purposes of this Motion, Coventry has not included a copy of the Statement of Understanding.

[11] Travelers' allegations are also vague and not plausible. For example, the Complaint does not allege which bills from which health care providers Coventry allegedly failed to properly reprice, which contract providers were not appropriately credentialed, what data was necessary to adjudicate medical bills, or what billing discrepancies existed of which Coventry was allegedly made aware. Compl. (Dkt.1) at pp. 9-10, ¶¶ 38-41 & p. 11, ¶¶ 46-48. The complaint

**C.**   **Travelers' Purported Claim For Indemnification Is Properly Characterized As A Breach Of Contract Claim And, Therefore, Is Also Time-Barred Under Connecticut General Statutes § 52-576(a)**

Next, Travelers asserts a claim for indemnification under the parties' agreement. Travelers does not allege it is entitled to reimbursement from Coventry for losses incurred in connection with Travelers' liability to a third party, however. Rather, the Complaint seeks damages for its own losses arising out of Coventry's allegedly "negligent" actions—which is nothing more than a breach of contract claim.

In *Amoco Oil v. Liberty Auto and Electric Company*, for example, the Supreme Court of Connecticut distinguished between a breach of contract claim and a claim for indemnity:

> The logic and rationale underlying our indemnity case law are based on the premise that an action for indemnification is one in which one party seeks reimbursement from another party for losses incurred in connection with the first party's liability ***to a third party***. In the present action, however, Amoco does not seek indemnification for losses arising from liability to a third party.[12]
>
> . . .

must be much more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[12] 810 A.3d 259, 263 (Conn. 2002) (emphasis added).

Amoco's claim for losses incurred as a result of damage to its own property, not as a result of third party liability, is not a claim for indemnification at all but, rather, a claim for damages for its own losses arising out of Liberty's allegedly negligent and improper installation of the tanks.[13]

The court therefore held that Amoco's purported indemnification claim was properly characterized as one for breach of contract, which was time-barred. Here, Travelers alleges:

- "Coventry . . . continued to incorrectly reprice bills for payment by Travelers;"

- Coventry . . . failed to fully and or [sic] properly notify Travelers of the billing issues once Coventry had notice of the errors;"

- "Coventry negligently failed to ensure that its providers were credentialed in accordance with the Workers' Compensation laws of Georgia;" and

- "Coventry was negligent in entering into conflicting contracts for repricing of bills which lead to the dispute giving rise to the Underpayment Lawsuit."[14]

Based on these allegations, the Complaint seeks "damages and fees it has incurred as a result of Coventry's negligence."[15] Nowhere in the Complaint does Travelers allege that it is seeking reimbursement for losses as a result of ***third-***

---

[13] *Id.* at 265.

[14] Compl. (Dkt. 1) at p. 11, ¶¶ 46-49.

[15] *Id.* at p. 12, ¶ 51.

*party liability*. Indeed, Travelers seeks to recover for its own damages. As alleged, Travelers' indemnification claim is nothing more than a breach of contract claim that is time-barred under Connecticut General Statutes § 52-576(a) and, therefore, must be dismissed.

### III.   CONCLUSION

Travelers' causes of action should be dismissed under Rule 12(b)(6) as time-barred. Defendant prays that the Court dismiss Plaintiff's Complaint and further prays for all other relief to which it may be justly entitled.[16]

Respectfully submitted,

s/Marlo Orlin Leach
MARLO ORLIN LEACH
Georgia Bar No. 442216

**Attorney for Defendant Coventry Health Care Workers Compensation, Inc.**

LEACH & LOWE LLC
6111 Peachtree Dunwoody Road, N.E.
Building D
Atlanta, GA 30328
Telephone: (678) 587-3830
Email: mleach@lllawllc.com

---

[16] A proposed Order is attached hereto as Exhibit 2.

-10-

-11-

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1D of the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing document complies with the font and point selections approved by the court in LR 5.1B.

<u>s/Marlo Orlin Leach</u>
Marlo Orlin Leach

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Eric Philip Benedict
ebenedict@fmglaw.com

Joyce F. Mocek
jmocek@fmglaw.com

Philip Wade Savrin
psavrin@fmglaw.com

s/Marlo Orlin Leach<br>
Marlo Orlin Leach<br>
Georgia Bar No. 442216<br>
<br>
<strong>Attorney for Defendant Coventry Health Care Workers Compensation, Inc.</strong>

LEACH & LOWE LLC
6111 Peachtree Dunwoody Road, N.E.
Building D
Atlanta, GA 30328
Telephone: (678) 587-3830
Email: mleach@lllawllc.com