**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

THE TRAVELERS INDEMNITY
COMPANY,

    PLAINTIFF,

V.

COVENTRY HEALTH CARE
WORKERS' COMPENSATION,
INC.,

    DEFENDANT.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION
NO. 1:18-CV-00376-MLB**

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Local Rule 7.1.C., Defendant Coventry Health Care Workers Compensation, Inc. submits this reply in support of its Motion to Dismiss Plaintiff's Complaint.

## I.   INTRODUCTION

Travelers and Coventry are parties to a contract that contains a governing law provision providing for the application of Connecticut law. Even though Travelers asserts two causes of action arising under the contract, Travelers maintains that Georgia's statutes of limitations apply. Georgia law does not

support such an application. Rather, Georgia enforces the governing law provision of a parties' contract unless the contract violates public policy or the contract is prejudicial to the interests of the state. Travelers makes no such allegations here and, therefore, the parties' agreement that Connecticut law governs is enforceable.

Under Connecticut law, breach of contract claims must be brought within six years of the alleged breach. Travelers does not dispute that its breach of contract claim is based on alleged breaches that occurred *prior* to the underpayment lawsuit being filed on April 5, 2011. Instead, Travelers relies on allegations about "ongoing" or "continuing duties," which do not toll a breach of contract claim under these facts.

Finally, a party may not circumvent limitations by couching a breach of contract claim as one for indemnification. Under *Amoco Oil*, Travelers' "indemnification" claim should be dismissed as time-barred to the extent Travelers seeks to recover for losses Travelers incurred rather than losses Travelers incurred to a third party.

## II.    REPLY ARGUMENT AND AUTHORITIES

### A.    Georgia Law Enforces A Contractual Governing Law Provision To Claims Brought Under The Contract

Travelers relies on factually distinguishable authority to argue a court

should always apply the statute of limitations of the forum state even where the parties have agreed otherwise.[1] That is not Georgia law.

This Court has found that despite Georgia's adherence to the traditional rules of *lex loci contractus* and *lex loci delicti*, "Georgia courts recognize that parties by contract may stipulate that the laws of another jurisdiction will govern the transaction." *Garland v. Advanced Med. Fund, L.P. II*, 86 F. Supp. 2d 1195, 1203 (N.D. Ga. 2000) (citation omitted).[2] Indeed, the Georgia Supreme Court has repeatedly held "the law of the jurisdiction chosen by parties to a contract to govern their contractual rights ***will be enforced*** unless application of the chosen law would be contrary to the public policy or prejudicial to the interests of [the] state." *CS-Lakeview at Gwinnett, Inc. v. Simon Prop. Grp., Inc.*, 283 Ga. 426, 659 S.E.2d 359, 361 (2008) (emphasis added); *see also Covnergys Corp. v. Keener*, 276 Ga. 808, 582 S.E.2d 84, 85-86 (2003) (same); O.C.G.A. § 1-3-9 (same).

Travelers does not allege that application of Connecticut law would be

---

[1] Plaintiff's Resp. (Docket No. 7) at p. 7.

[2] Under the rule *lex loci contractus*, the validity, nature, construction and interpretation of the contract are governed by the substantive law of the state where the contract was made. Under the rule *lex loci delicti*, tort cases are governed by the substantive law of the state where the tort was committed. *Garland*, 86 F. Supp. 2d at 1203.

contrary to public policy or prejudicial. Instead, Travelers relies on cases that are inapposite. In *Boardman*, the Eleventh Circuit considered policies that it expressly recognized did ***not*** contain choice-of-law provisions.[3] In *Facility Construction Management Inc.*, the parties ***agreed*** that Georgia law governed procedural matters.[4] Finally, in *Lloyd*, the court was determining the law to be applied to ***tort*** claims for fraud, breach of fiduciary duty, and negligent misrepresentation—***not*** claims for breach of contract or contractual indemnity, which are at issue here.[5]

Where, as here, a party brings claims under the contract, Georgia upholds the application of the parties' choice of law to those contract claims. In *Foxworthy*, for example, this Court found the breach of contract claims were governed by Florida law pursuant to the choice-of-law provision in the parties' agreements and applied the Florida statute of limitations to those claims.

---

[3] *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 751 (11th Cir. 1998). *Hunter v. Johnson* relied upon by Travelers also did not involve a contract with a choice-of-law provision. 259 Ga. 21, 376 S.E.2d 371, 372 (1989).

[4] *Facility Constr. Mgm't Inc. v. Ahrens Concrete Floors Inc.*, No. 1:08-cv-01600, 2010 WL 1265184, at *4 (N.D. Ga. Mar. 24, 2010).

[5] *Lloyd v. Prudential Secs., Inc.*, 211 Ga. App. 247, 438 S.E.2d 703, 704-05 (1993).

*Foxworthy, Inc. v. CMG Life Servs., Inc.*, No. 1:11-CV-2682, 2012 WL 1269127, at *8 & n.7 (N.D. Ga. Apr. 16, 2012).

Travelers asserts claims for breach of contract and contractual indemnity under the parties' contract, which expressly provides for the application of Connecticut law. Connecticut law therefore governs and Connecticut statutes of limitations apply to Travelers' claims.

**B.    Travelers Cannot Save Its Breach Of Contract Claim By Alleging Purported Violations Of "Continuing Duties"**

Travelers argues that its breach of contract claim is not time-barred because the duties owed by Coventry were "ongoing in nature" and "Coventry has breached continuing duties."[6] To the extent Travelers is arguing the continuing course of conduct doctrine tolls the statute of limitations (which was not alleged in the Complaint), that doctrine is completely inapplicable here. The continuing course of conduct doctrine applies to claims such as negligent infliction of emotional distress that involve a continuing course of conduct which over a period of years causes injury. *See, e.g., Fradianni v. Protective Life Ins. Co.*, 73 A.3d 896, 900-02 (Conn. App. 2013) (holding the continuing course

---

[6] Plaintiff's Resp. at pp. 14-15.

of conduct doctrine inapplicable where plaintiff alleged he was over charged under the terms of the contract each year).

Here, Travelers does not allege a "course of conduct" by Coventry. At most, Travelers alleges a series of breaches, all of which **must** have occurred prior to the filing of the underpayment lawsuit on April 5, 2011. Most importantly, Travelers does **not** allege in the Complaint (or in its response) that any of the alleged "breaches" occurred **after** April 5, 2011, when the underpayment lawsuit was filed. Travelers' breach of contract claim is time-barred by Connecticut's six-year statute of limitations and should be dismissed.[7]

**C.   *Amoco Oil* Bars Travelers' "Indemnification" Claim For Damages Allegedly Incurred by Travelers Due To Coventry's Negligence**

Although not alleged in the Complaint (and with no request to amend the

---

[7] While Coventry denies Georgia law applies, Travelers' breach of contract claim would be barred under Georgia's six-year statute of limitations. O.C.G.A. § 9-3-24. Additionally, Travelers incorrectly relies on *Rolleston v. Cherry* for the proposition that a claim for indemnification must be brought within 20 years pursuant to O.C.G.A. § Section 9-3-22. That section applies to **common law** claims for indemnification (or contribution)—not a claim for **contractual** indemnification. *See Rolleston v. Cherry*, 226 Ga. App. 750, 487 S.E.2d 354, 357-58 (1997) (recognizing the 20-year limitation period for contribution and indemnity claims based on joint tortfeasor's claim for contribution). Contractual indemnity claims must be brought within 6 years under Section 9-3-24. *Old Republic Nat'l Title Ins. Co. v. Panella*, 319 Ga. App. 274, 734 S.E.2d 523, 526-27 (2012) (applied 6-year limitations period to contractual indemnity claim).

Complaint), Travelers states in its response that it "alleges a claim for indemnification because of losses that arise from Travelers' liability to third parties, namely the Underpayment Lawsuit Plaintiffs."[8] Regardless, Travelers' claim for "indemnification" should be dismissed to the extent it seeks damages for its own losses arising out of Coventry's allegedly negligent actions (rather than losses incurred to a third party) under the reasoning in *Amoco Oil. See Amoco Oil v. Liberty Auto and Electric Company*, 810 A.2d 259, 265-66 (Conn. 2002) (reasoning Amoco did not allege it sought indemnification for losses it had incurred pursuant to a judgment or settlement in a third-party action but rather it alleged a right to indemnification under the contract from all damages incurred as a result of negligence and improper installation).

### III. CONCLUSION

Travelers' breach of contract claim is time-barred and should be dismissed under Rule 12(b)(6). To the extent Travelers' indemnification claim seeks damages for loss incurred by Travelers rather than loss incurred by Travelers to

---

[8] Plaintiff's Resp. at p. 12. Additional evidence may show that any loss arising from liability to the Underpayment Lawsuit Plaintiffs accrued more than three years from the filing of this lawsuit and, therefore, any properly plead indemnification claim is still time-barred. Coventry therefore reserves its right to raise this defense at a later date.

a third party, that claim is properly characterized as a breach of contract claim that should also be dismissed as time-barred. Defendant prays that the Court dismiss Plaintiff's Complaint and further prays for all other relief to which it may be justly entitled.

Respectfully submitted,

s/Marlo Orlin Leach
MARLO ORLIN LEACH
Georgia Bar No. 442216

**Attorney for Defendant Coventry Health Care Workers Compensation, Inc.**

LEACH & LOWE LLC
6111 Peachtree Dunwoody Road, N.E.
Building D
Atlanta, GA 30328
Telephone: (678) 587-3830
Email: mleach@lllawllc.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing document complies with the font and point selections approved by the court in Local Rule 5.1B.

s/Marlo Orlin Leach
Marlo Orlin Leach

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Eric Philip Benedict
ebenedict@fmglaw.com

Joyce F. Mocek
jmocek@fmglaw.com

Philip Wade Savrin
psavrin@fmglaw.com

<u>s/Marlo Orlin Leach</u>
Marlo Orlin Leach
Georgia Bar No. 442216

**Attorney for Defendant Coventry Health Care Workers Compensation, Inc.**

LEACH & LOWE LLC
6111 Peachtree Dunwoody Road, N.E.
Building D
Atlanta, GA 30328
Telephone: (678) 587-3830
Email: mleach@lllawllc.com